8303

COUNTY OF RICHLAND v. AMERICAN SURETY COMPANY OF NEW YORK.

1. RECORDING BONDS.—Under the amendment of 26 Stats. 83, to section 948, of Code of 1902, a bond executed in a foreign State by a foreign corporation and probated by a foreign notary under his official seal may be recorded in this State.

2. EVIDENCE—BONDS.—Under the amendment, 23 Stats. 1073, to section 2897, Code of 1902, original bonds issued by a foreign corporation may be put in evidence on proper notice and their production is *prima facie* evidence of their execution.

3. HARMLESS ERROR.—Erroneously adding into the amount for which a verdict is directed small sums is harmless error, where the amount for which the verdict is directed is much less than the plaintiff is entitled to.

4. COUNTY WARRANTS—SUPERVISOR—SURETIES.—Drawing warrants on county funds by a county supervisor and his board on claims not properly itemized and verified, is an illegal disbursement of public funds, for which loss to the county, he and his sureties are liable.

5. IBID.—SALARY.—A warrant drawn by a board of commissioners for the salary of their clerk in excess of the amount provided by statute is an illegal disbursement of public funds.

6. OFFICERS—NEGLIGENCE—MISFEASANCE.—The failure of a public officer to obey the positive mandate of the law is negligence *per se* and misfeasance in office.

7. IBID.—PRESUMPTION—PROXIMATE CAUSE.—Where a public officer pays out public funds without compliance with a mandatory statute, the law presumes his act is the direct cause of the loss to the county.

8. COUNTY WARRANTS.—A COUNTY SUPERVISOR and his sureties are liable for warrants used by his clerk in paying claims not properly itemized and verified, which were signed in blank and left with the clerk, as his negligence was at least a concurring cause of the loss originated by him.

9. IBID.—IBID.—The law does not require the county supervisor to draw the body of a county warrant by his own hand, but it is sufficient if drawn by another, if he sees that it is based on a claim properly itemized and verified and approved by the board. This latter duty he cannot delegate except at his peril and that of his sureties.

10. IBID.—EVIDENCE.—A claim against a county not itemized and verified according to law is not legal evidence that the county has received for the money paid out on it any benefit, either directly or inferentially, but payment of such claims raises a presumption of loss.

11. EXPERT WITNESS.—The preliminary question as to whether a witness should be allowed to testify as an expert must necessarily be left to the discretion of the trial Judge.

Before ALDRICH, J., Richland, May term, 1911. Affirmed.

Action by County of Richland against American Surety Company of New York and Samuel H. Owens. Defendants appeal.

*Messrs. Green & Green, R. H. Welch* and *W. H. Townsend,* for appellants, cite: *Record of improperly recorded bond is no evidence of its validity:* 22 S. C. 337; 79 S. C. 363. *Damages from appellant's negligence is for the jury:* 29 Cyc. 459; 1 Strob. 395, 550; 77 S. C. 375; 33 Md. 542; 6 Am. St. R. 528; 21 S. C. 470; 28 S. C. 157; 70 Ia. 285; 154 Mass. 238; 14 Rich. 16; 89 S. C. 489; 85 S. C. 336; 16 S. C. 443; 55 Conn. 100; 34 Ia. 317; 94 Am. St. R. 516; 243 Ill. 487; 95 Pac. 895. *That violation of statute is negligence per se applies only to statutes exercising the police power:* 29 Cyc. 436.

*Messrs. Thomas & Thomas* and *D. W. Robinson,* contra, cite: *Proof of bonds:* Code 1902, 592, 595, 2897; 23 Stat.

1073; 1 Spear. 220. *Law of State part of contract:* Code 1902, 599, 1787, 1790; 203 U. S. 254; 110 Fed. 79; 193 U. S. 554; 75 U. S. 168; 105 Fed. 854; 181 U. S. 75; 57 S. C. 356; 57 S. C. 364; 70 S. C. 300; 77 S. C. 446; 33 S. E. 313; 84 S. C. 256; 42 S. C. 291. *Whether a witness may give an opinion is within discretion of Court:* Jones on Ev., sec. 369; 203 U. S. 475; 144 U. S. 476; 5 Enc. Ev. 524. *Other evidence on same line makes error harmless:* 78 S. C. 155. *Giving reasons make it competent:* 82 S. C. 75; Jones on Ev., sec. 375. *Violation of a valid statute is negligence per se:* 83 S. C. 357; 85 S. C. 25; 84 S. C. 539; 22 Ency. 478; 144 U. S. 434; 6 Thomp. on Neg. 7396; 1 Id., sec. 1012; 2 Id., sec. 1901. *And the official bond is liable:* Code 1902, 500; 46 S. C. 562; 11 S. C. 390; 18 S. C. 372; 23 L. R. A. (N. S.) 129; 78 N. W. 1086; 36 S. C. 502; 86 S. C. 569; 1 Rich. Eq. 177; 40 S. C. 511; Thomp. Pub. Of., secs. 242, 743. *Official bond is liable for damages resulting from violation of mandatory statute:* 5 Rich. Eq. 241; 1 Hill Ch. 429; 15 S. C. 258; McM. Eq. 384. *Officer must examine warrant before signing:* 86 S. C. 62; 59 S. C. 265. *Proximate cause:* 76 S. C. 204; 1 Thomp. on Neg., sec. 48; 80 S. C. 237; 52 S. C. 336; 94 U. S. 469; 1 Strob. 525. *Intervening cause:* 1 Thomp. Neg., secs. 49, 54, 52, 53, 55; 76 S. C. 203; 94 U. S. 469; 52 S. C. 336. *Concurrent negligence:* 1 Thomp., sec. 75; 114 Fed. 458; 50 Fed. 818; Bish. on Con. L. 526; 65 S. C. 338. *Two innocent persons:* 1 Thomp. 3484; 9 Wheat. 616; 80 U. S. 531; 13 S. C. 18. *Owens is liable for the acts of the clerk of the board in issuing warrants forged:* 86 S. C. 62; 23 Ency. 382; 94 Am. Dec. 447; 50 Fed. 818; 69 S. C. 421; 13 S. C. 17; 65 S. C. 75; Story on Agency, sec. 452; 39 S. C. 283; 80 U. S. 531; 1 Thomp. 518; 2 Pet. 358. *The duty here cannot be delegated:* 1 Thomp., sec. 532; 2 Pet. 395; 1 Ency. 972; 31 Cyc. 1425; 72 Fed. 988; 134 Fed. 794. *Court may direct a verdict where defendant offers no evidence:* 71 S. C. 438; 79 S. C. 340; 85 S. C. 336. *Or where the evidence is*

*documentary:* 52 S. C. 520.  *Or where defense is one of law:* 42 S. C. 30.  *Or where only one inference should be drawn:* 85 S. C. 369; 47 S. E. 467; 87 S. C. 319; 1 Thomp. 161; 182 U. S. 579; 174 U. S. 379.  *Assuming facts:* 85 S. C. 483; 89 S. C. 262.  *Claims not itemized and verified should not be paid:* 81 S. C. 427; Code 1902, 806, 767, 1354, 1386; 23 Stat. 998, 1014; 84 S. C. 414; 25 S. C. 102; 55 S. C. 383; 137 N. C. 251; 27 S. C. 14.  *Unliquidated damages:* 8 Words & Phrases, 7195; 5 Id. 4174; 19 Ency. 391; 178 U. S. 372.

August 26, 1912.  The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.  The complaint sets up three causes of action on three official bonds, given by the defendant, Owens, as supervisor of Richland county, for three consecutive terms of office, of two years each.  The condition of each bond is that Owens, as supervisor, shall well and truly perform the duties of his office, as required by law.

Copies of the bonds, certified by the clerk of the Court and register of mesne conveyances, in whose office the originals had been recorded, as required by law, and, also, the originals, which were produced by the State Treasurer, who was the legal custodian of them, were properly admitted in evidence.  Sec. 595, vol. I, Code 1902, provides that copies of official bonds "so certified shall be good and sufficient evidence in all suits to be instituted in any Court of this State."  The surety company contends that the bonds could not have been legally recorded, and, therefore, that the certificate of their record was illegal, because the bonds were executed by the surety company outside the limits of the State, and proof of their execution by the corporation was taken before a foreign notary, whose official seal was not accompanied by a certificate of a clerk of a Court of record of the county in which the affidavit was taken as to his official character, as required by sec. 948 of

vol. I, Code 1902. Evidently this appellant overlooked the fact that section 948 was amended (26 Stat. 83), so as to dispense with the necessity of such a certificate, and so as to make the official seal of a foreign notary, affixed within the State of his appointment, a sufficient authentication of his signature, residence, and official character; and the act was made to apply to and validate the probate of all instruments previously executed according to its provisions, whether the same were then recorded or not. Section 2897 of vol. I, Code 1902, as amended (23 Stat. 1073), affords authority for the introduction of the originals the respondent having given the notice required. Under that section, the production of the original bonds was *prima facie* evidence of their execution.

The complaint alleges numerous breaches of the condition of each of the bonds, resulting in loss to the county; but it will be necessary to mention only those upon which the Court directed a verdict for the plaintiff. They were in substance, as follows:

1. That Owens, as supervisor, issued warrants, in payment of claims against the county for labor and materials, which were not itemized and verified, as required by law, and without proper security thereof.

2. That he issued warrants in payment of an extra salary or allowance to C. M. Douglas, as clerk of the county board of commissioners, in violation of law.

3. That he signed warrants in blank, and left them with C. M. Douglas, who filled them up and issued them in payment of false, fictitious and fraudulent claims, having forged thereon the signatures of the necessary number of the members of the county board of commissioners.

Each of these breaches was proved by undisputed evidence. It cannot be denied that, in the particulars alleged, the supervisor violated the positive mandate of the statutes. The amount of the claims so paid was proved by production of the warrants and the claims. Under the first cause of

action, they amounted to $1,592.32; under the second, to $6,793.33; and, under the third, to $6,044.36. But as the recovery against the surety could not exceed the penalty of each bond, which was only $5,000, the Court directed the verdict for only $11,592.32, being the full amount proved under the first cause of action and $5,000 under each of the others.

In this connection, we dispose of the exceptions which complain of two slight errors in adding into the amounts, found to have been improperly paid out under the second and third causes of action, the sums of $34.80 and $30.00, respectively. It will be seen from the figures above stated that these errors were harmless, because the county was entitled to recover, under each of those causes of action, a much greater amount than the items in question in excess of the amount for which the verdict was directed, which was only $5,000 in each case.

Section 806, vol. I, Code 1902, is, in part, as follows: "No accounts shall be audited and ordered to be paid by the county board of commissioners for any labor performed, fees, services, disbursements, or any other matter, unless it shall be made out in items and accompanied with an affidavit attached thereto, and made by the officer or person presenting or claiming the same, that the said items are correct, and that the labor, fees, disbursements, services or other matters charged therein have been in fact done, made, rendered or are due, and that no part of the same has been paid or satisfied." * * *

Section 814, vol. I, Code 1902, is as follows: "No member of the county board of commissioners shall vote for an extra allowance to any person who is paid by salary, nor shall the treasurer of said county knowingly pay to any such person any extra allowance." By section 763, the salary of the clerk of the county board of commissioners was fixed at $500.

Sections 806 and 814, above quoted, are mandatory, and the supervisor was a member of the county board of commissioners, and its chairman.    Sec. 758, vol. I, Code 1902. The requirement that claims of the kind mentioned shall be itemized and verified is jurisdictional, and payment thereof without compliance with the positive mandate of the statute is void, and an illegal disbursement of the public funds. *Bank* v. *Goodwin,* 81 S. C. 419, 62 S. C. 100.

It is perfectly immaterial whether we say that the failure on the part of a public official to obey the positive mandate of the statutes is negligence *per se* or not.    It is that and more; but it is enough to say that it is a violation of the law and misfeasance in office.    No officer of the law should be allowed to violate the laws enacted for his guidance, without being held responsible for injurious consequences.    Nor can his bondsmen escape; because, on the premise stated, it cannot be said that he has well and truly performed the duties of his office, as required by law. *State* v. *Moses,* 18 S. C. 372; *State* v. *Assman,* 46 S. C. 562, 24 S. E. 673.

Appellants contend that it was error, however, to direct the verdict, because it was the province of the jury to decide whether the supervisor's violation of the law was the proximate cause of the loss to the county.    Ordinarily, the question of proximate cause is for the jury.    But, when the evidence is susceptible of only one reasonable inference, it is for the Court.    In this case, reasonable men could not differ.

But, moreover, when a public officer pays out public funds without compliance with the terms of a mandatory statute, the law will presume that his act is the direct cause of the loss of such funds, and the burden is upon him to rebut the presumption, and prove that, notwithstanding his violation of the law, no loss resulted.    Analogous in principle is the holding that, when a statute, requiring signals to be given by railroad engines approaching highway crossings, is vio-

lated, and injury results, it will be presumed it was caused by the failure to give the signals. On the first appeal in this case, it was held that if an officer so negligently discharges the duties of his office that loss results, his bond is liable. 86 S. C. 571, 68 S. E. 753.

The doctrine of an independent intervening cause, in the criminal act of C. M. Douglas, in issuing warrants to pay the forged claims, cannot avail the defendants. Where an injury results from concurring causes, he who originates one of them is as responsible as if it had been the sole cause. When the defendant, Owens, left warrants signed in blank with Douglas, he originated one of the concurring causes of the loss by means of the forged claims.

Again, if one of two innocent persons must suffer by the fraud of another, he must bear the loss whose negligence makes the fraud possible. Since the defendant, Owens, by his negligence, in entrusting Douglas with warrants signed in blank, and his failure thereafter to examine the stubs and scrutinize the claims which were paid with such warrants, enabled Douglas to commit the fraud, his bond is liable for the loss caused thereby. The evidence warrants no other reasonable conclusion than that his negligence was at least a proximate concurring cause of the loss resulting from the forged claims.

This conclusion renders it unnecessary to follow the learned counsel in their discussion of the doctrine of independent intervening causes, and, also, the question whether Douglas was, under the statute, an agent or subordinate of the supervisor, or an independent officer, for whose acts the defendant, Owens, should not be held responsible. These would have been vital questions, if the negligence of Owens and his violation of the mandates of the law had not put it in the power of Douglas to commit the forgeries, which would have been almost, if not quite, impossible, but for the negligence of the supervisor and his disobedience of the law.

We cannot sustain the position taken by counsel for respondent, and sustained in the Court below, that, when the statute says, "the supervisor shall draw his warrant," it means that he must, with his own hand, perform the clerical work of writing the whole warrant, or filling up the blank spaces. The word "draw" is used in the sense of "issue." There was no impropriety or violation of the law in allowing the clerk to write the body of the warrants or fill the blank spaces. But it was the duty of the supervisor, before singing them, to examine the claims and see that they were proper and that they had been properly itemized and verified, and approved by the county board of commissioners, because the statute requires this to be done before a warrant can be legally issued. This duty the supervisor could not delegate, except at his peril and that of the surety on his official bond. But the error was harmless, because the verdict was rightly directed on other grounds.

Appellants contend that the warrants were accompanied by the claims, which afford some evidence that the amounts paid out were for some services rendered or materials furnished to the county, and, therefore, the jury should have been allowed to decide how much benefit the county received. As the claims were not itemized and verified, as required by law, they could not be legal evidence, either directly or inferentially, that the county had received any benefit from the money paid out on them. As we have seen, payment of such claims was illegal, and the illegal disbursement of public funds raises a presumption of loss and not an inference of benefit to the public.

The decision of the preliminary question whether a witness is qualified to testify as an expert must necessarily be left to the discretion of the trial Judge, and this Court will not interfere with his decision, unless it is manifestly erroneous. We see no error in allowing Mr. C. H. Barron to testify that, in his opinion, certain

22—92

claims were forgeries.   Besides, he stated the facts upon which his opinion was based, and, therefore, his testimony would have been admissible, if he had not been an expert in handwriting.   Moreover, all the claims of that class for which the verdict was directed were either admitted by defendants' counsel to be forgeries, or proved to be such by undisputed evidence.

Affirmed.